UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **BERNARD GALLO,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:22-cv-01092-APM |
| | ) | |
| **WASHINGTON NATIONALS** | ) | |
| **BASEBALL CLUB, LLC,** | ) | |
| | ) | |
| Defendant. | ) | |

**REPLY IN SUPPORT OF DEFENDANT'S
MOTION FOR PARTIAL DISMISSAL**

Plaintiff's Opposition makes abundantly clear that he disagrees with the mandatory vaccination policy issued by the Nationals in August of last year. But his opinion of the policy is irrelevant to the merits of his legal claims. Regardless of the fervor of Plaintiff's views, his Opposition fails to identify any legal authority or factual basis that would permit his disability discrimination and retaliation claims to proceed.

**I.     Plaintiff's Arguments Misconstrue The ADA And Fail To Show That He Has Adequately Alleged Discrimination On The Basis Of A Disability.**

Although he asserts that the Nationals have misconstrued his ADA claim, it is Plaintiff who has misconstrued the law of disability discrimination. Because his claim is premised on the concept of a "perceived disability" rather than an actual disability, Plaintiff must allege that he is regarded by his employer as having an "impairment." 42 U.S.C. § 12102(1). More specifically, he must allege that he has been subjected to an adverse employment action "because of an actual or perceived physical or mental **impairment** whether or not the impairment limits or is perceived

to limit a major life activity." 42 USCS § 12102(3)(A) (emphases added).  The applicable ADA regulations define "physical or mental impairment," in pertinent part, as "[a]ny physiological **disorder** or **condition**, cosmetic **disfigurement**, or **anatomical loss** affecting one or more body systems . . ." or "[a]ny mental or psychological **disorder**, such as intellectual disability . . . emotional or mental illness. . . ." 29 C.F.R. 1630.2(h)(1)-(2) (emphasis added).  The emphasized terms make clear that an "impairment" is a condition that affects the natural state of the body or mind and/or results in the body or mind not functioning properly or in a typical manner.

Despite the ambiguous allegations of the Complaint suggesting otherwise, Plaintiff now concedes that his previous COVID infection is **not** a disability.  Opp. at 10 ("Mr. Gallo has not alleged that his previous infection was in reality a disability"), 13 ("Mr. Gallo has not alleged that *actual* prior or current Covid-19 infection is the basis for his ADA claim of discrimination").[1]  Rather, his claim is premised on his "medical status" as an unvaccinated person.  *See id.*, at 6, 10.  Thus, Plaintiff's claim rests on the premise that the Nationals perceived him to have a "physical or mental impairment" simply because he was not vaccinated against COVID.  *See id.*, at 9, 10.  This claim is fundamentally flawed because an individual's status as an unvaccinated person is not an "impairment."  It is not a disorder, a condition, a disfigurement, an anatomical loss, or a mental or emotional illness.  If Plaintiff's argument were accepted, then not only would all unvaccinated adults be deemed disabled, but every healthy newborn baby

---

[1] Notwithstanding this concession, Plaintiff confusingly asserts that the Nationals may have viewed him as "permanently infected with a dangerous disease" or "uniquely contagious." Opp., at 9.  To the extent Plaintiff is continuing to argue that his previous COVID infection may form the basis of his "regarded as" disability claim, he has not explained how this transitory illness from COVID, which he admitted to the Nationals caused him no long-term consequences, could constitute an "impairment" for purposes of his "regarded as" claim.  *See* Mem. in Support of Motion for Partial Dismissal ("Mem."), at 7-9.

would be deemed to suffer from an ADA "impairment" upon birth because such babies are not vaccinated against COVID (or any other diseases). Carried to its logical conclusion, Plaintiff's position holds that otherwise healthy individuals who engage in unhealthy or risky behavior, or who fail to take proven steps to prevent illness, or who opt for unproven home remedies rather that scientifically validated medical intervention, suffer from "impairments" and are therefore "disabled" or may be "regarded as" disabled solely because these decisions create risks that disabling conditions may later occur.

This interpretation of the ADA is absurd.[2] Indeed, concerning COVID specifically, courts have held that an individual's **susceptibility** to COVID, and the **possibility** of exposure to COVID, are **not** impairments under the ADA. In *Hice v. Mazzella Lifting Techs., Inc.*, 2022 U.S. Dist. LEXIS 38857, *17-18, __ F.Supp.3d __ (E.D. Va. Mar. 4, 2022), for example, the plaintiff argued that the defendants perceived him as having a disability because of his age-related susceptibility to COVID. The court rejected the claim, holding that: (i) a "regarded as" disability claim requires the employer to believe that the employee has a "physical or mental impairment"; and (ii) a "risk factor" for COVID, such as age, and/or "possible future exposure to COVID," do not constitute impairments. *Id.* The same analysis applies here. Plaintiff's unvaccinated status is a "risk factor" that makes him more susceptible to contracting COVID in

---

[2] Plaintiff's attempt to equate the Nationals' argument with that of individuals possessing an irrational fear of HIV transmission reflects a political view rather than a legal argument, and it is not only misplaced, but offensive. *See* Opp., at 7. The Nationals' requirement that employees obtain a vaccine that has been approved by the FDA and CDC to help avoid the spread of a deadly virus cannot reasonably be compared to medically unfounded and inaccurate fears among some in the general public of HIV and AIDS transmission decades ago. Moreover, Plaintiff's argument is inapposite in any event, because unlike Plaintiff's "unvaccinated status," HIV and AIDS are, in fact, "impairments" under the ADA, and regardless of any unreasonable or irrational fears of how they are spread, they are "disorders" or "conditions" that could form the basis of a "regarded as" disability claim.

the future; it is not itself an "impairment" and therefore cannot form the basis of a "regarded as" disability claim.  *See Parker v. Cenlar FSB*, 2021 U.S. Dist. LEXIS 143, at *15 (E.D. Pa., Jan. 4, 2021) (plaintiff's "regarded as" disability claim failed because "possible *exposure* to COVID-19 is not 'a physical or mental impairment'") (emphasis in original); *cf. Equal Emp. Opportunity Comm'n v. STME, LLC*, 938 F.3d 1305, 1315 (11th Cir. 2019) (rejecting "regarded as" disability claim based on plaintiff's possible exposure to Ebola during travel to Africa because the "heightened risk" of developing the disease in the future does not constitute a physical impairment).[3]

In short, being unvaccinated is not an impairment under the ADA because it is not reflective of an underlying physiological or psychological condition.  *Hice*, 2022 U.S. Dist. LEXIS 38857, at *17-18; *Parker*, 2021 U.S. Dist. LEXIS 143, at *15.  This analysis is well-established and applies in non-COVID contexts as well.  *See, e.g., Colton v. FEHRER*, 2020 U.S. Dist. LEXIS 78804, at *7-8 (N.D. Ala. May 5, 2020) (plaintiff's "regarded as" disability claim premised on her short stature, which employer deemed to create safety concerns, failed because height is not an impairment, and she could not show employer perceived her to have an underlying physiological condition that caused her to be short); *Mundo v. Sanus Health Plan*, 966 F. Supp. 171, 173 (S.D.N.Y. 1997) (plaintiff's "regarded as" disability claim failed where employer allegedly took action based on his "inability to tolerate stressful situations" because such inability was not an impairment under the ADA); *see also* 29 C.F.R. Pt. 1630 Appx. § 1630.2(h) (the definition of impairment "does not include characteristic predisposition to illness

---

[3]   Plaintiff's reliance on *MX Group, Inc. v. City of Covington*, 293 F.3d 326 (6th Cir. 2002) is thus misplaced.  In that case, the defendant could have regarded the plaintiff as disabled based on his status as a recovering drug addict because "drug addiction is considered an impairment under the ADA."  *Id.* at 341.  By contrast, Plaintiff's unvaccinated status and his increased susceptibility to COVID are not impairments.

or disease"). Accordingly, Plaintiff's disability claim, which rests entirely on his allegation that the Nationals treated him differently on the basis of his unvaccinated status, will inevitably fail and therefore should be dismissed.[4]

**II.    Plaintiff's Retaliation Arguments Mischaracterize His Allegations And Misconstrue The Law Of Retaliation.**

Plaintiff's arguments in support of his retaliation clams fare no better.

As noted in the Nationals' Opening Brief, Plaintiff's allegations do not establish a plausible inference of the required causal link between his alleged protected activity and the alleged adverse employment action. First, Plaintiff argues that the Nationals discharged him because he requested an exemption from the vaccine mandate, and he suggests that a causal inference may be established because he requested an exemption "well before Defendant contemplated terminating him." *See* Opp., at 16.[5] Plaintiff's argument is undone by his own allegations, however. Plaintiff alleges specifically that when the Nationals announced the vaccination policy on August 12, 2021, they informed employees that any individual who was not vaccinated and had not been approved for an exemption by the deadline **would be placed on**

---

[4]    Clearly, Plaintiff believes that his vaccination status itself should be a "protected characteristic" and that the Nationals' vaccination policy is misguided and unfair. But no matter how strongly Plaintiff holds these views, the law does not support him. Indeed, the EEOC has expressly stated that mandating vaccines as the Nationals have done does not violate any discrimination laws, so long as accommodations are made for plaintiffs who cannot be vaccinated because of disabilities or sincerely held religious beliefs. *See* https://www.eeoc.gov/wysk/what-you-should-know-about-covid-19-and-ada-rehabilitation-act-and-other-eeo-laws, at K.1. Plaintiff has not alleged that he has a disability that prevents him from getting the vaccine. Rather, he has alleged only that his decision to forgo the vaccine is an impairment. For the reasons outlined in the main text, this claim fails as a matter of law, and therefore Plaintiff's vehement disagreement with the Nationals' policy is simply not relevant.

[5]    Contrary to Plaintiff's contention, the Nationals have acknowledged that Plaintiff might be alleging that his request for a religious exemption from the vaccine requirement constituted protected activity for purposes of his retaliation claim, and the Nationals addressed that potential allegation in their Opening Brief. *See* Mem. at 14

**unpaid leave and then terminated**.  *See* Compl. ¶¶ 16-20, Ex. A; *see also* Mem., at 14.  Thus, as of August 12, 2021, at the latest, the Nationals had decided that employees who were not vaccinated and had not received accommodations would be discharged.  Because the Nationals had already made this decision, and announced it in writing, it is not plausible (or even possible) that the sole reason motivating the Nationals' decision to discharge Plaintiff was the fact that he **later** requested an accommodation as contemplated by, and expressly provided for in, the policy.  *See Wilson v. Mabus*, 65 F. Supp. 3d 127, 133 (D.D.C. 2014) ("The only employment actions that could plausibly be considered retaliation must have taken place after plaintiff engaged in protected activity.").[6]  Second, Plaintiff suggests that the Nationals retaliated against him because his attorney objected to their application of the vaccination policy.  Compl. ¶¶ 37-45, Ex. F.  For the same reasons, this allegation is disproven by Plaintiff's own allegations, as the Complaint and its attachments show that the Nationals informed Plaintiff that he would be terminated **four times** before his attorney had even contacted the Nationals.  Mem. at 11, 13.

Perhaps to divert attention from this undisputed sequence of events, Plaintiff focuses on what he contends were missteps by the Nationals during the interactive process after he requested an accommodation.  *See* Opp., at 17-19.  But whether the Nationals properly engaged in the interactive process is not at issue, as the Nationals have not moved to dismiss Plaintiff's

---

[6]    It is irrelevant that the effective date of Plaintiff's termination occurred after his protected activity.  In analyzing motivation and causation for purposes of a retaliation claim, the critical point in time is when the termination decision is made, not when the consequences of the decision are carried out.  *Dobson v. Fulton County*, 2020 U.S. Dist. LEXIS 172673, at *36 (N.D. Ga. July 9, 2020); *Keeler v. ARAMARK*, 2013 U.S. Dist. LEXIS 52824, at *11-14 (D. Kan. Apr. 12, 2013).  Because the Nationals decided to terminate employees who were not vaccinated and who had not been approved for accommodations **prior** to Plaintiff's request for an exemption from the vaccine requirement, Plaintiff has not stated a claim for retaliation.

religious accommodation claim on legal grounds.[7]  Moreover, to the extent Plaintiff contends that the Nationals' denial of his accommodation request itself constituted retaliation, the claim must fail.  It is well-established that "[t]he subject of a failure-to-accommodate claim . . . cannot 'supply grounds for a separate retaliation claim.'"  *Mack v. Georgetown Univ.*, 2017 U.S. Dist. LEXIS 159039, at *71 (D.D.C. Aug. 4, 2017) (citing *Buie v. Berrien*, 85 F. Supp. 3d 161, 178 (D.D.C. 2015)); *see also Floyd v. Lee*, 968 F. Supp. 2d 308, 334 (D.D.C. 2013) ("if the denial of a request for accommodation could itself support a claim of retaliation based on the request, then every failure-to-accommodate claim would be doubled").  In other words, the Nationals' denial of Plaintiff's request for an accommodation cannot, as a matter of law, constitute the "adverse action" necessary to establish a claim for retaliation.

Finally, Plaintiff's arguments regarding his comparator analysis and the alleged "unlawful" nature of the Nationals' policy are unavailing.  Plaintiff appears to argue that he is not alleging discrimination on the basis of a comparator analysis, but then he proceeds to do so anyway, albeit incorrectly.  He argues that the alleged comparators were "worse-situated" than Plaintiff because they demonstrated poor performance, and yet were "better-treated."  Opp., at 20.  These cursory allegations do not demonstrate retaliation, however, as Plaintiff has not alleged that these alleged comparators were similarly situated to him in all relevant aspects.  *See* Mem., at 14-15.  Plaintiff's argument that the Nationals' vaccination policy is "unlawful" is misplaced.  *See* Opp., at 20.  Plaintiff has not brought a claim challenging the legality of the policy itself, and had he done so, the claim would fail because the EEOC has specifically opined

---

[7]     The Nationals handled the interactive process in accordance with the law and their internal policies.  While Plaintiff is within his rights to allege otherwise, his allegations, even if true, would be relevant only to his religious accommodation claim, and they carry no consequence for the claims that are the subject of the Nationals' Motion for Partial Dismissal.

that mandatory vaccination policies are permissible.  *See* footnote 4, above.  Instead, Plaintiff has asserted that the Nationals retaliated against him for requesting an exemption from the policy, and his opinion that the policy is misguided or even unlawful fails to state a claim for retaliation. *See* Mem., at 14; *Von Drasek v. Burwell*, 121 F. Supp. 3d 143, 162-63 (D.D.C. 2015).

For all these reasons, and those set forth in their Opening Brief, the Nationals respectfully request that their Motion for Partial Dismissal be granted.

Respectfully submitted,

*/s/ Michael J. Lorenger*
Michael J. Lorenger (DC Bar #45146)
651 South Washington Street
Alexandria, Virginia 22314
(703) 684-1800 Direct
(703) 684-1805 Fax
mlorenger@lorengercarnell.com
cburke@lorengercarnell.com

Counsel for Defendant

## **CERTIFICATE OF SERVICE**

    I hereby certify that on this 22nd day of August, 2022, I filed the foregoing Reply in Support of Defendant's Motion for Partial Dismissal with the Court's electronic filing system, which will automatically provide notice to all counsel of record. In addition, I served a copy on Plaintiff's counsel by email:

Rachel L.T. Rodríguez, Esq.
VIRES LAW GROUP, PLLC
DC Bar #501324
515 N. Flagler Dr., Suite P300
West Palm Beach, FL 33401
rrodriguez@vireslawgroup.com

Charles S. LiMandri, Esq.
LiMANDRI & JONNA LLP
DC Bar #383858
P.O. Box 9120
Rancho Santa Fe, CA 92067
cslimandri@limandri.com

                                                           /s/Michael J. Lorenger
                                                           Michael J. Lorenger