**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLUMBIA**
**Civil Division**

|  |  |
|---|---|
| **BERNARD GALLO,** | ) |
|  | ) |
| **Plaintiff,** | ) |
|  | ) |
| **v.** | ) **Civil Action No. 1:22-cv-01092-APM** |
|  | ) |
| **WASHINGTON NATIONALS** | ) |
| **BASEBALL CLUB, LLC,** | ) |
|  | ) |
| **Defendant.** | ) |
|  | ) |

## ANSWER

Defendant, the Washington Nationals Baseball Club, LLC, by counsel, hereby

respectfully answers Plaintiff's Complaint [Dkt. No. 3] as follows:

## GENERAL DENIAL

Except as stated expressly herein, Defendant denies each and every claim, theory,

characterization, and allegation asserted in the Complaint, including, without limitation, any

allegation contained in the preamble, headings, and subheadings.

## RESPONSE TO NUMBERED ALLEGATIONS

**Introduction**

1.      The allegations contained in Paragraph 1 of the Complaint constitute conclusions

of law to which no response is required.  To the extent a response is required, Defendant denies

the allegations.

2.      In response to the allegations contained in Paragraph 2 of the Complaint,

Defendant states that Plaintiff was employed with the Defendant in the position of scout from

November 1, 2012, to September 15, 2021, and that, in general, Plaintiff performed his job functions reasonably satisfactorily.  Defendant lacks information sufficient to admit or deny the remaining allegations in Paragraph 2 and therefore denies the allegations.

3.      Defendant lacks information sufficient to admit or deny the allegations contained in Paragraph 3 of the Complaint and therefore denies the allegations.

4.      Defendant denies the allegations contained in Paragraph 4 of the Complaint.

5.      Defendant denies the allegations contained in Paragraph 5 of the Complaint.

**Parties**

6.      Defendant admits the allegations contained in the first sentence of Paragraph 6 of the Complaint on information and belief.  In response to the second sentence of Paragraph 6, Defendant admits that Plaintiff was employed with the Defendant in the position of scout (sometimes referred to as "Area Supervisor") from November 1, 2012, to September 15, 2021, and that during his tenure he had various responsibilities, including scouting in Southern California and Hawaii.  Defendant denies all other allegations contained in Paragraph 6.

7.      Defendant admits the allegations contained in Paragraph 7 of the Complaint, except that Defendant denies that it is organized under the laws of the State of Florida.

**Jurisdiction and Venue**

8.      The allegations contained in Paragraph 8 of the Complaint constitute conclusions of law to which no response is required.  To the extent a response is required, Defendant denies the allegations.

9.      The allegations contained in Paragraph 9 of the Complaint constitute conclusions of law to which no response is required.  To the extent a response is required, Defendant denies the allegations.

10.      The allegations contained in the first clause in Paragraph 10 of the Complaint

constitute conclusions of law to which no response is required.  To the extent a response is

required, Defendant denies the allegations.  Defendant lacks information sufficient to admit or

deny whether Plaintiff filed a complaint with the District of Columbia Office of Human Rights

and therefore denies the allegations.

11.      In response to the allegations contained in Paragraph 11 of the Complaint,

Defendant admits that it operates a professional baseball club in the District of Columbia and

maintains its front office in the District of Columbia.  The remaining allegations contained in

Paragraph 11 constitute conclusions of law to which no response is required.  To the extent a

response is required, Defendant denies the allegations.

12.      The allegations contained in Paragraph 12 of the Complaint constitute conclusions

of law to which no response is required.  To the extent a response is required, Defendant denies

the allegations, except that Defendant does not dispute that venue is proper in this Court.

**Facts**

13.      In response to the allegations contained in Paragraph 13 of the Complaint,

Defendant admits that Plaintiff was employed with the Defendant in the position of scout from

November 1, 2012, to September 15, 2021.  Defendant further admits that Plaintiff's job

responsibilities included some of the job responsibilities identified in Paragraph 13, but

Defendant denies that the description contained therein describes all of Plaintiff's duties or even

his primary duties.  Defendant specifically denies the allegation that "human-to-human

interaction" was not required in the performance of Plaintiff's essential functions, as "human-to-

human interaction" was an essential function of his position.  Finally, Defendant admits that

during the pre-vaccine period of the COVID-19 pandemic, some of Defendant's employee's job

responsibilities were performed virtually, i.e., by video conference or other remote communication. Defendant denies all other allegations contained in Paragraph 13.

14. In response to the allegations contained in Paragraph 14 of the Complaint, Defendant states that during his employment, Plaintiff performed his job functions reasonably satisfactorily. Defendant lacks information sufficient to admit or deny the remaining allegations in Paragraph 14 and therefore denies the allegations. Defendant denies all other allegations contained in Paragraph 14.

15. Defendant lacks information sufficient to admit or deny the allegations contained in the first and third sentences of Paragraph 15 of the Complaint and therefore denies the allegations. In response to the allegations contained in the second sentence of Paragraph 15, Defendant admits that employees often receive service awards recognizing length of tenure, such employment for five, ten, or fifteen years. These service awards are based on nothing other than longevity and are routinely awarded. It is likely Plaintiff received a service award. Defendant denies all other allegations contained in Paragraph 15.

16. In response to the allegations contained in Paragraph 16 of the Complaint, Defendant admits that on or about August 12, 2021, Defendant announced a company policy requiring full-time employees and certain part-time employees to be fully vaccinated against COVID-19. The policy and communications notifying employees of the vaccination policy speak for themselves, and to the extent Plaintiff purports to quote or characterize them in Paragraph 16, Defendant denies any erroneous, incomplete, or out-of-context characterizations thereof. Defendant denies all other allegations contained in Paragraph 16.

17. In response to the allegations contained in Paragraph 17 of the Complaint, Defendant admits that its COVID-19 vaccination policy established certain timelines for

compliance and that those timelines were communicated to Defendant's employees. The policy and communications notifying employees of the vaccination policy speak for themselves, and to the extent Plaintiff purports to quote or characterize them in Paragraph 17, Defendant denies any erroneous, incomplete, or out-of-context characterizations thereof. Defendant denies all other allegations contained in Paragraph 17.

18.    Defendant denies the allegations contained in Paragraph 18 of the Complaint. Defendant specifically denies that the policy Plaintiff has attached as Exhibit A was not accurate, as it was delivered to Defendant's employees attached to a cover email that specifically stated, among other things:  *"We have approved a policy that requires all Nationals full time employees and part time front office employees to be fully vaccinated against COVID-19. (As a reminder, individuals are fully vaccinated two weeks after receiving their second dose of the Pfizer or Moderna vaccine or two weeks after receiving their dose of the Johnson & Johnson vaccine). The policy is attached to this email for your review."*  Defendant denies all other allegations contained in Paragraph 18.

19.    In response to the allegations contained in Paragraph 19 of the Complaint, Defendant denies that the email attached as Exhibit A was a "clarifying" email. By way of further response, Defendant states that the referenced document speaks for itself, and Defendant denies any erroneous, incomplete, or out-of-context characterizations thereof.

20.    In response to the allegations contained in Paragraph 20 of the Complaint, Defendant admits that baseball players were not subject to the same vaccination requirements as the employees who were subject to the vaccine policy identified in Paragraph 16. The requirements that applied to baseball players speak for themselves, and Defendant denies any Defendant denies any erroneous, incomplete, or out-of-context characterizations thereof.

Defendant lacks information sufficient to admit or deny the allegations contained in the third and fourth sentences of Paragraph 20 and therefore denies the allegations.  Defendant denies all other allegations contained in Paragraph 20.

21.    In response to the allegations contained in Paragraph 21 of the Complaint, Defendant states that the referenced document speaks for itself, and Defendant denies any erroneous, incomplete, or out-of-context characterizations thereof.

22.    Defendant lacks information sufficient to admit or deny the allegations contained in the first two sentences of Paragraph 22 of the Complaint and therefore denies the allegations. In response to the allegations contained in the third sentence of Paragraph 22, Defendant admits that Plaintiff, pursuant to the specific accommodation protocol outlined in Defendant's COVID-19 Vaccination Policy, requested a religious accommodation in the form of an exemption from the policy.  Plaintiff's accommodation request speaks for itself, and Defendant denies any Defendant denies any erroneous, incomplete, or out-of-context characterizations thereof. Defendant denies all other allegations contained in Paragraph 22.

23.    In response to the allegations contained in Paragraph 23 of the Complaint, Defendant states that the referenced document speaks for itself, and Defendant denies any erroneous, incomplete, or out-of-context characterizations thereof.

24.    In response to the allegations contained in the first sentence of Paragraph 24 of the Complaint, Defendant states that the referenced document speaks for itself, and Defendant denies any erroneous, incomplete, or out-of-context characterizations thereof.  Defendant lacks information sufficient to admit or deny the allegations contained in the second sentence of Paragraph 24 and therefore denies the allegations.

25.     In response to the allegations contained in Paragraph 25 of the Complaint,

Defendant admits that it engaged in an appropriate interactive process with Plaintiff to assess and

evaluate his request for an accommodation.  Defendant denies all other allegations contained in

Paragraph 25.

26.     Defendant lacks information sufficient to admit or deny the allegations contained

in Paragraph 26 of the Complaint and therefore denies the allegations.

27.     In response to the allegations contained in Paragraph 27 of the Complaint,

Defendant states that the referenced document speaks for itself, and Defendant denies any

erroneous, incomplete, or out-of-context characterizations thereof.

28.     Defendant denies the allegations contained in the first, second, fourth, sixth, and

seventh sentences of Paragraph 28 of the Complaint.  In response to the third sentence in

Paragraph 28, Defendant states that all requests for accommodation, whether based on an alleged

religious practice or an alleged disability, were evaluated on the basis of the specific facts and

circumstances arising from the particular employee, request, position, and duties, and each was

given an appropriate individualized assessment.  As a result, some requests for accommodation

were granted.  In response to the fifth sentence in Paragraph 28, Defendant states that scouts

interacted virtually with prospects prior to becoming vaccinated and before implementation of

the Defendant's COVID-19 Vaccination Policy.  Defendant denies all other allegations contained

in Paragraph 28.

29.     Defendant denies the allegations contained in Paragraph 29 of the Complaint and

further states that the referenced document speaks for itself.

30.     Defendant denies the allegations contained in Paragraph 30 of the Complaint.

31.     Defendant denies the allegations contained in Paragraph 31 of the Complaint.

32.    Defendant denies the allegations contained in Paragraph 32 of the Complaint.

33.    Defendant denies the allegations contained in the first sentence of Paragraph 33 of the Complaint.  In response to the allegations contained in the remainder of Paragraph 33 of the Complaint, Defendant states that the referenced document speaks for itself, and Defendant denies any erroneous, incomplete, or out-of-context characterizations thereof.

34.    In response to the allegations contained in Paragraph 34 of the Complaint, Defendant admits that Plaintiff appealed the decision concerning his accommodation request, but Defendant denies that the appeal was "summarily denied."

35.    In response to the allegations contained in Paragraph 35 of the Complaint, Defendant states that the referenced document speaks for itself, and Defendant denies any erroneous, incomplete, or out-of-context characterizations thereof.

36.    In response to the allegations contained in Paragraph 36 of the Complaint, Defendant admits that Plaintiff had generally performed his duties in a satisfactory manner and that he would ordinarily be approved for work travel to Hawaii because Hawaii was part of his regular region.  Defendant denies all other allegations contained in Paragraph 36.

37.    Defendant lacks information sufficient to admit or deny the allegations contained in the first sentence of Paragraph 37 of the Complaint.  In response to the remaining allegations contained in Paragraph 37, Defendant states that the referenced document speaks for itself, and Defendant denies any erroneous, incomplete, or out-of-context characterizations thereof.

38.    In response to the allegations contained in Paragraph 38 of the Complaint, Defendant states that the referenced document speaks for itself, and Defendant denies any erroneous, incomplete, or out-of-context characterizations thereof.

39.     In response to the allegations contained in Paragraph 39 of the Complaint, Defendant states that the referenced document speaks for itself, and Defendant denies any erroneous, incomplete, or out-of-context characterizations thereof.

40.     In response to the allegations contained in Paragraph 40 of the Complaint, Defendant states that the referenced document speaks for itself, and Defendant denies any erroneous, incomplete, or out-of-context characterizations thereof.

41.     In response to the allegations contained in Paragraph 41 of the Complaint, Defendant states that the referenced document speaks for itself, and Defendant denies any erroneous, incomplete, or out-of-context characterizations thereof.

42.     In response to the allegations contained in Paragraph 42 of the Complaint, Defendant states that the referenced document speaks for itself, and Defendant denies any erroneous, incomplete, or out-of-context characterizations thereof.

43.     In response to the allegations contained in Paragraph 43 of the Complaint, Defendant states that the referenced document speaks for itself, and Defendant denies any erroneous, incomplete, or out-of-context characterizations thereof.

44.     In response to the allegations contained in Paragraph 44 of the Complaint, Defendant states that the referenced document speaks for itself, and Defendant denies any erroneous, incomplete, or out-of-context characterizations thereof.

45.     In response to the allegations contained in Paragraph 45 of the Complaint, Defendant states that the referenced document speaks for itself, and Defendant denies any erroneous, incomplete, or out-of-context characterizations thereof.  By way of further response, Defendant lacks information sufficient to admit or deny what Plaintiff or his counsel may or may

not have "assumed" in connection with Defendant's decision to deny Plaintiff's accommodation request, and therefore Defendant denies any such allegation.

46.     Defendant lacks information sufficient to admit or deny the allegations contained in the first sentence of Paragraph 46 of the Complaint and therefore denies the allegations.  In response to the second sentence of Paragraph 46, Defendant lacks specific knowledge concerning the individuals to whom Plaintiff is referring, but Defendant states that two scouts did not have their contracts renewed for performance reasons in the fall of 2021.  Defendant denies all other allegations contained in Paragraph 46.

47.     Defendant lacks information sufficient to admit or deny the allegations contained in Paragraph 47 of the Complaint and therefore denies the allegations.

48.     Defendant lacks information sufficient to admit or deny the allegations contained in Paragraph 48 of the Complaint and therefore denies the allegations.

49.     Defendant lacks information sufficient to admit or deny the allegations contained in Paragraph 49 of the Complaint and therefore denies the allegations.

**COUNT I**
**DISTRICT OF COLUMBIA HUMAN RIGHTS ACT**
**DISCRIMINATION AND RETALIATION ON THE  BASIS OF RELIGION AND DISABILITY**

50.     In response to the allegations contained in Paragraph 50 of the Complaint, Defendant incorporates and re-states its responses to Paragraphs 1-49.

51.     The allegations contained in Paragraph 51 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations.

52.      The allegations contained in Paragraph 52 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations.

53.      The allegations contained in Paragraph 53 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations.

54.      The allegations contained in Paragraph 54 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations.

55.      In response to the allegations contained in Paragraph 55 of the Complaint, Defendant admits that Plaintiff, pursuant to the specific accommodation protocol outlined in Defendant's COVID-19 Vaccination Policy, requested a religious accommodation in the form of an exemption from the policy.  Plaintiff's accommodation request speaks for itself, and Defendant denies any Defendant denies any erroneous, incomplete, or out-of-context characterizations thereof.  Defendant denies all other allegations contained in Paragraph 55.

56.      Defendant denies the allegations contained in the first and third sentence of Paragraph 56 of the Complaint.  In response to the allegations contained in the second sentence, Defendant admits that Plaintiff was placed on unpaid leave and discharged consistent with Defendant's COVID-19 Vaccination Policy.  Defendant denies all other allegations contained in Paragraph 56.

57.      Defendant denies the allegations contained in Paragraph 57 of the Complaint.

58.      Defendant denies the allegations contained in Paragraph 58 of the Complaint.

59.      Defendant denies the allegations contained in Paragraph 59 of the Complaint.

60.    Defendant denies the allegations contained in Paragraph 60 of the Complaint.

**COUNT II**
**TITLE VII OF THE CIVIL RIGHTS ACT**
**DISCRIMINATION ON THE  BASIS OF RELIGIOUS BELIEF AND PRACTICE**

61.    In response to the allegations contained in Paragraph 61 of the Complaint,

Defendant incorporates and re-states its responses to Paragraphs 1-60.

62.    The allegations contained in Paragraph 62 of the Complaint constitute legal

conclusions to which no response is required.  To the extent a response is required, Defendant

denies the allegations.

63.    The allegations contained in Paragraph 63 of the Complaint constitute legal

conclusions to which no response is required.  To the extent a response is required, Defendant

denies the allegations.

64.    The allegations contained in Paragraph 64 of the Complaint constitute legal

conclusions to which no response is required.  To the extent a response is required, Defendant

denies the allegations.

65.    In response to the allegations contained in Paragraph 65 of the Complaint,

Defendant admits that Plaintiff, pursuant to the specific accommodation protocol outlined in

Defendant's COVID-19 Vaccination Policy, requested a religious accommodation in the form of

an exemption from the policy.  Plaintiff's accommodation request speaks for itself, and

Defendant denies any Defendant denies any erroneous, incomplete, or out-of-context

characterizations thereof.  Defendant denies all other allegations contained in Paragraph 65.

66.    Defendant denies the allegations contained in Paragraph 66 of the Complaint.

67.    In response to the allegations contained in the first sentence of Paragraph 67 of

the Complaint, Defendant admits that Plaintiff was placed on unpaid leave and discharged

consistent with Defendant's COVID-19 Vaccination Policy.  Defendant denies the allegations

contained in the second sentence of Paragraph 67.  In response to the third sentence of Paragraph

67, Defendant lacks specific knowledge concerning the individuals to whom Plaintiff is

referring, but Defendant states that two scouts did not have their contracts renewed in the fall of

2021 for performance reasons.  Defendant denies any suggestion that the other two employees

were similarly situated to Plaintiff or that they were "granted" any benefit by Defendant.

Defendant denies all other allegations in Paragraph 67.

68.    Defendant denies the allegations contained in Paragraph 68 of the Complaint.

69.    Defendant denies the allegations contained in Paragraph 69 of the Complaint.

70.    Defendant denies the allegations contained in Paragraph 70 of the Complaint.

## COUNT III
## AMERICANS WITH DISABILITIES ACT
## DISCRIMINATION ON THE  BASIS OF PERCEIVED DISABILITY

71.    In response to the allegations contained in Paragraph 71 of the Complaint,

Defendant incorporates and re-states its responses to Paragraphs 1-70.

72.    The allegations contained in Paragraph 72 of the Complaint constitute legal

conclusions to which no response is required.  To the extent a response is required, Defendant

denies the allegations.

73.    The allegations contained in Paragraph 73 of the Complaint constitute legal

conclusions to which no response is required.  To the extent a response is required, Defendant

denies the allegations.

74.    The allegations contained in Paragraph 74 of the Complaint constitute legal

conclusions to which no response is required.  To the extent a response is required, Defendant

denies the allegations.

75.    The allegations contained in Paragraph 75 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations.  Specifically, Defendant denies that the mere circumstances of having been diagnosed with COVID-19 renders one "disabled" within the meaning of the Americans with Disabilities Act.

76.    In response to the allegations contained in Paragraph 76 of the Complaint, Defendant admits that Plaintiff, pursuant to the specific accommodation protocol outlined in Defendant's COVID-19 Vaccination Policy, requested a religious accommodation in the form of an exemption from the policy.  Plaintiff's accommodation request speaks for itself, and Defendant denies any Defendant denies any erroneous, incomplete, or out-of-context characterizations thereof.

77.    Defendant denies the allegations contained in Paragraph 77 of the Complaint.

78.    Defendant denies the allegations contained in the first sentence of Paragraph 78 of the Complaint.  In response to the allegations contained in the second sentence of Paragraph 78, Defendant admits that Plaintiff was placed on unpaid leave and discharged consistent with Defendant's COVID-19 Vaccination Policy.  Defendant denies all other allegations contained in Paragraph 78.

79.    Defendant denies the allegations contained in Paragraph 79 of the Complaint.

80.    Defendant denies the allegations contained in Paragraph 80 of the Complaint.

81.    Defendant denies the allegations contained in Paragraph 81 of the Complaint.

## COUNT IV
## AMERICANS WITH DISABILITIES ACT
## RETALIATION AND COERCION

82.     In response to the allegations contained in Paragraph 82 of the Complaint,

Defendant incorporates and re-states its responses to Paragraphs 1-81.

83.     The allegations contained in Paragraph 83 of the Complaint constitute legal

conclusions to which no response is required.  To the extent a response is required, Defendant

denies the allegations.

84.     Defendant denies the allegations contained in Paragraph 84 of the Complaint.

85.     In response to the allegations contained in Paragraph 85 of the Complaint,

Defendant admits that Plaintiff was placed on unpaid leave and discharged consistent with

Defendant's COVID-19 Vaccination Policy.  Defendant denies all other allegations contained in

Paragraph 85.

86.     Defendant denies the allegations contained in Paragraph 86 of the Complaint.

87.     In response to the allegations contained in the first sentence of Paragraph 87 of

the Complaint, Defendant lacks specific knowledge concerning the individuals to whom Plaintiff

is referring, but Defendant states that two scouts did not have their contracts renewed in the fall

of 2021 for performance reasons.  Defendant denies any suggestion that the other two employees

were similarly situated to Plaintiff or that they were "granted" any benefit by Defendant.

Defendant denies all other allegations in Paragraph 87.

88.     Defendant denies the allegations contained in Paragraph 88 of the Complaint.

89.     Defendant denies the allegations contained in Paragraph 89 of the Complaint.

90.     Defendant denies that it violated the law in any way, and further denies that

Plaintiff is entitled to any relief requested or any other relief whatsoever.

15

91.    All allegations not admitted, denied, or otherwise specifically addressed herein are denied.

92.    Defendant denies that Plaintiff is entitled to the relief requested in his prayer for relief or to any other relief of any nature.

**Other Defenses**

First Defense:  The Complaint fails to state a claim upon which relief may be granted.

Second Defense:  Plaintiff's claims are barred, in whole or in part, because the Plaintiff does not have a sincerely held religious belief and/or does not subscribe to bona fide religious practices that conflict with the Defendant's vaccination policy.

Third Defense:  Plaintiff's claims are barred, in whole or in part, because accommodation of the Plaintiff's alleged religious beliefs and practices would impose on Defendant an undue hardship.

Fourth Defense:  Plaintiff's claims are barred, in whole or in part, because at the time of the events at issue Plaintiff was neither disabled nor regarded as disabled.

Fifth Defense:  Plaintiff's claims are barred, in whole or in part, because the employment decisions that form the basis of the Complaint were based upon legitimate, non-discriminatory and non-retaliatory factors.

Sixth Defense:  Plaintiff's claims are barred, in whole or in part, because Defendant acted without discriminatory or retaliatory animus in making the decisions that form the basis of the Complaint.

Seventh Defense: Plaintiff's claims are barred, in whole or in part, because Plaintiff suffered no damage as a result of any alleged wrongdoing and/or because of the failure of Plaintiff to mitigate his damages, if any

<u>Eighth Defense</u>:  Plaintiff's claims are barred, in whole or in part, because Defendant did not act with the requisite degree of knowledge or malice to entitle Plaintiff to punitive damages.

<u>Ninth Defense</u>:  Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, acquiescence, estoppel, and/or unclean hands.

Defendant reserves the right to raise additional equitable or other defenses upon further investigation and discovery.

WHEREFORE Defendant hereby requests that:

(a)      the Complaint be dismissed with prejudice and all relief requested therein be denied;

(b)      Defendant be awarded its reasonable attorneys' fees and costs incurred in this matter; and

(c)      Defendant be afforded such other relief as the Court deems appropriate.


Respectfully Submitted,

**/s/Michael J. Lorenger**
Michael J. Lorenger (D.C. Bar 454146)
Lorenger & Carnell PLC
651 S. Washington St.
Alexandria, Virginia 22314
703-684-1800 (Phone)
703-684-1805 (Fax)
mlorenger@lorengercarnell.com

Counsel for Defendant Washington Nationals
Baseball Club, LLC

## CERTIFICATE OF SERVICE

I hereby certify that on this 24th day of March, 2023, I filed the foregoing Answer with the Court's electronic filing system, which will automatically provide notice to all counsel of record.

Rachel L.T. Rodríguez, Esq.
VIRES LAW GROUP, PLLC
515 N. Flagler Dr.
Suite P300
West Palm Beach, FL 33401
rrodriguez@vireslawgroup.com

Charles S. LiMandri, Esq.
LiMANDRI & JONNA LLP
P.O. Box 9120
Rancho Santa Fe, CA 92067
cslimandri@limandri.com


/s/Michael J. Lorenger
Michael J. Lorenger (D.C. Bar 454146)
Lorenger & Carnell PLC