UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA
Civil Division

|  |  |  |
|---|---|---|
| **BERNARD GALLO,** | ) | |
|  | ) | |
| Plaintiff, | ) | |
|  | ) | |
| v. | ) | Civil Action No. 1:22-cv-01092-APM |
|  | ) | |
| **WASHINGTON NATIONALS** | ) | |
| **BASEBALL CLUB, LLC,** | ) | |
|  | ) | |
| Defendant. | ) | |

## JOINT MEET AND CONFER REPORT

The Plaintiff, Bernard Gallo, and the Defendant, the Washington Nationals Baseball Club, LLC, by their respective counsel and pursuant to Rule 16.3(d) of the Rules of the United States District Court for the District of Columbia and Rule 26(f) of the Federal Rules of Civil Procedure, and this Court's Order for Initial Scheduling Conference dated March 24, 2023, hereby submit this Joint Meet and Confer Report, with their Joint Discovery Plan (Exhibit 1) and proposed Scheduling Order (Exhibit 2).

**I.    THE PARTIES' SUMMARIES OF THE CASE**

Plaintiff:  Plaintiff Gallo was employed with Defendant as a baseball scout since 2012, and in 2021, was under contract for employment with Defendant through November.  Defendant put in place an arbitrary medical treatment mandate, requiring only certain employees of Defendant to obtain a Covid-19 injection by September 26, 2021.  Plaintiff applied promptly for a religious exemption to Defendant's mandatory medical policy, but he was denied any accommodation, despite his remote employment position and Defendant's admission that his

1

religious beliefs were sincerely held.  Defendant also refused to engage in any negotiations with Plaintiff regarding medical accommodation, due to natural immunity from Plaintiff's prior Covid-19 infection. Defendant never engaged in the interactive process required by law, before terminating his employment in September of 2021. Plaintiff contends that Defendant violated his civil rights by discriminating against him based on his religious beliefs and discriminating against him because of Defendant's perception of a disability.  By Order of the Court on March 10, 2023, Plaintiff's remaining claims in this case assert religious discrimination and retaliation under state and federal statutes.

<u>Defendant</u>: Defendant denies Plaintiff's allegations and claims.  Defendant contends that: (i) Defendant engaged in the interactive process; (ii) Plaintiff was not entitled to a religious accommodation in the form of an exemption from the Nationals' COVID vaccine requirement because there is no conflict between the vaccine policy and any *bona fide* religious beliefs requiring accommodation; and (iii) even if such a conflict existed, it would have imposed an undue hardship on Defendant to accommodate Plaintiff in light of his position, duties, and responsibilities. Defendant also contends that Plaintiff's discharge was carried out pursuant to a lawful and lawfully applied written policy and not for any retaliatory reason.

## II.     MATTERS DISCUSSED PURSUANT TO LCvR 16.3(c) AND FRCP 26(f)

The Parties' respective counsel met and conferred on April 11, 2023, to discuss the following matters set forth in LCvR 16.3(c):

1.     **Whether the case is likely to be disposed of by dispositive motion; and whether, if a dispositive motion has already been filed, the parties should recommend to the court that discovery of other matters should await a decision on the motion.**

No dispositive motions are presently pending before this Court. The parties presently believe that many or all of Plaintiff's claims and Defendant's defenses may be decided on summary judgment upon or before completion of discovery.

2. **The date by which any other parties shall be joined or the pleadings amended, and whether some or all the factual and legal issues can be agreed upon or narrowed.**

The Parties agree that other parties shall be joined and/or amendments to the pleadings already filed in this action shall be submitted by June 16 2023. The Parties believe that, following the completion of certain discovery in this matter, it is likely that some of the factual and legal issues at stake could be agreed upon or narrowed.

3. **Whether the case should be assigned to a magistrate judge for all purposes, including trial.**

The Parties do not consent to the assignment of this action to a U.S. Magistrate Judge. Plaintiff, however, requests that this matter be referred to mediation before a U.S. Magistrate Judge.

4. **Whether there is a realistic possibility of settling the case.**

The parties agree that settlement discussions may be beneficial. Defendant believes that settlement discussions will be more effective following some period of discovery. Plaintiff requests the case be referred to mediation prior to the close of discovery in the interest of judicial efficiency and conservation of resources.

5. **Whether the case could benefit from the Court's alternative dispute resolution (ADR) procedures (or some other form of ADR); what related steps should be**

**taken to facilitate such ADR; and whether counsel have discussed ADR and their response to this provision with clients.**

The parties agree that the Court's ADR procedures may be of benefit if the parties are unable to make meaningful progress toward settlement on their own. Plaintiff requests the case be referred to mediation before a USMJ, prior to the close of discovery.

6. **Whether the case can be resolved by summary judgment motion or motion to dismiss; dates for filing dispositive motions and/or cross-motions, oppositions, and replies; and proposed dates for a decision on the motions.**

Based on its investigation to date, Defendant presently believes that many or all of the claims and defenses may be decided on summary judgment once discovery is complete. The Parties request that this Court set a deadline for the filing of dispositive motions at least 45 days after the completion of discovery.

7. **Whether the parties should stipulate to dispense with the initial disclosures required by Rule 26(a)(1), and if not, what if any changes should be made in the scope, form or timing of those disclosures.**

The Parties do not agree to dispense with the initial disclosures required by Rule 26(a)(1) and do not wish to make changes as to the scope or form of such disclosures. The Parties agree that initial disclosures shall be submitted within 14 days of their Rule 26(f) conference, in accordance with Rule 26(a).

8. **The anticipated extent of discovery, how long discovery should take, what limits should be placed on discovery; whether a protective order is appropriate; and a date for the completion of all discovery, including answers to interrogatories, document production, requests of admissions, and depositions.**

The parties anticipate that discovery will include the exchange of written discovery requests and depositions of numerous fact witnesses. The parties agree that the limits imposed by the Federal Rules of Civil Procedure and the Local Rules shall apply. Any party may request leave of Court to exceed these limits for good cause shown.

The Parties believe that a protective order under which sensitive information may be disclosed in discovery will likely be necessary and will confer regarding a joint motion for the entry of such.

The Parties agree that discovery in this action shall be completed by January 8, 2024.

9. **Any issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced.**

The Parties have submitted a proposed discovery plan as Exhibit 1 and agree this discovery plan adequately addresses all discovery issues presently anticipated by the parties.

10. **Any issues about claims of privilege or of protection as trial-preparation materials, including—if the parties agree on a procedure to assert these claims after production—whether to ask the court to include their agreement in an order under Federal Rules of Evidence 502.**

The Parties do not foresee any issues about claims of privilege or protection of trial preparation materials other than the terms set forth in their proposed discovery plan attached as Exhibit 1.

11. **Whether the requirement of exchange of expert witness reports and information pursuant to Fed. R. Civ. P. 26(a)(2) should be modified, and whether and when depositions of experts should occur.**

The Parties agree that any expert disclosure required under Rule 26(a)(2) of the FRCP shall be exchanged as follows: (a) By the proponent not later than September 18, 2023, 2022; (b) by the party issuing a rebuttal not later than October 16, 2022.  The Parties shall complete expert depositions in this action within the designated discovery period.

12. **In class actions, appropriate procedures for dealing with Rule 23, Fed. R. Civ. P. proceedings, including the need for discovery and the timing thereof, dates for filing a Rule 23 motion, and opposition and reply, and for oral argument and/or an evidentiary hearing on the motion and a proposed date for decision.**

Not applicable.

13. **Whether the trial and/or discovery should be bifurcated or managed in phases, and a specific proposal for such bifurcation.**

The Parties do not believe that trial or discovery should be bifurcated or managed in phases.

14. **The date for the pretrial conference (understanding that a trial will take place 30 or 60 days thereafter).**

The Parties request that the pretrial conference in this action be set to occur a date 30 days following the adjudication of any motions for summary judgment filed after the completion of discovery.

15. **Whether the Court should set a firm trial date at the first scheduling conference or should provide that a trial date will be set at the pretrial conference from 30 to 60 days after that conference.**

The Parties request that the Court set a firm trial date at the pretrial conference from 30 to 60 days after that conference.

16. **Such other matters that the parties believe may be appropriate for inclusion in a scheduling order.**

The Parties do not presently believe there are any additional matters that should be included in the Scheduling Order.

**THE PARTIES WAIVE ORAL HEARING ON THE INITIAL SCHEDULING CONFERENCE.**

**PLAINTIFF REQUESTS ORAL HEARING REGARDING HIS REQUEST FOR A REFERRAL TO MEDIATION.**

Respectfully Submitted,

  /S/ Rachel L.T. Rodriguez
Rachel L.T. Rodríguez, Esq.
DC Bar: 501324
VIRES LAW GROUP, PLLC
515 N. Flagler Dr.
Suite P300
West Palm Beach, FL 33401
rrodriguez@vireslawgroup.com

Charles S. LiMandri, Esq.
DC Bar: 383858
LiMANDRI & JONNA LLP
P.O. Box 9120
Rancho Santa Fe, CA 92067
cslimandri@limandri.com

Counsel for Plaintiff

Jointly With:

Michael J. Lorenger (D.C. Bar 454146)
Lorenger & Carnell PLC
651 S. Washington St.
Alexandria, Virginia 22314
703-684-1800 (Phone)
703-684-1805 (Fax)
mlorenger@lorengercarnell.com

Counsel for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on this 25th day of April, 2023, I filed the foregoing Joint Meet and Confer Report with Exhibits 1 and 2 with the Court's ECF system, which will effect service on all counsel of record, including:

Charles S. LiMandri, Esq.
LiMANDRI & JONNA LLP
P.O. Box 9120
Rancho Santa Fe, CA 92067
cslimandri@limandri.com

Counsel for Plaintiff

Michael J. Lorenger (D.C. Bar 454146)
Lorenger & Carnell PLC
651 S. Washington St.
Alexandria, Virginia 22314
703-684-1800 (Phone)
703-684-1805 (Fax)
mlorenger@lorengercarnell.com

Counsel for Defendant

/s/ Rachel L.T. Rodriguez
Vires Law Group, PLLC