**Exhibit 1**

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA
Civil Division

| | |
|---|---|
| BERNARD GALLO, ) | |
| Plaintiff, ) | |
| v. ) | Civil Action No. 1:22-cv-01092-APM |
| WASHINGTON NATIONALS ) BASEBALL CLUB, LLC, ) | |
| Defendant. ) | |

**JOINT DISCOVERY PLAN**

The Plaintiff, Bernard Gallo, and the Defendant, the Washington Nationals Baseball Club, LLC, by their respective counsel and pursuant to Rule 16.3(d) of the Rules of the United States District Court for the District of Columbia and Rule 26(f) of the Federal Rules of Civil Procedure, and this Court's Order for Initial Scheduling Conference dated March 24, 2023, hereby submit this Joint Discovery Plan to govern this action.

**I.    DISCOVERY**

A. The Parties agree that all discovery shall be completed by January 8, 2024.

B. The Parties agree that the discovery period shall open upon service of Initial Disclosures, pursuant to Fed. R. Civ. P. 26(a) and Local Rule 26.2 on or before April 25, 2023.

C. The Parties agree that all interrogatories, document requests and/or admissions must be served no fewer than thirty (30) days before the close of discovery to warrant a timely response.

D. The Parties agree that each will provide or make available all materials from third

1

**Exhibit 1**

parties obtained pursuant to Fed. R. Civ. P. 45 to the other party within five (5) business days of receipt.

E. The Parties agree that discovery of confidential, proprietary, trade secret and/or commercially sensitive information is likely to occur, and that production of documents, things, or testimony containing or reflecting such information shall occur under a protective order. The Parties' respective counsel will discuss and draft a proposed stipulated protective order consistent with the requirements of the Local Rules and in accordance with Federal Rule of Evidence 502(d).

F. The Parties intend to seek discovery with respect to all material allegations contained in the Complaint and Answer, and any amendments thereto.

G. Discovery will be conducted in accordance with the Federal Rules of Civil Procedure, and counsel will work in good faith to narrow and focus the scope of discovery to minimize the burden of discovery on the Parties and any third parties.

H. At this time, the Parties agree that the limitations imposed upon discovery by the Federal Rules of Civil Procedure and the Local Rules apply to this case. Any party may request leave of Court to exceed these limits for good cause shown.

I. The Parties agree that all *Daubert* motions, motions to exclude experts or expert testimony, and all motions in limine shall be filed in time to be heard at least two (2) weeks before the trial date. In advance of a hearing date on such motions, the parties involved shall prepare and submit a proposed briefing schedule.

II. **ELECTRONICALLY STORED INFORMATION**

A. The Parties acknowledge that they are required to preserve relevant electronically stored information. If any disagreement arises regarding electronically stored information, the Parties agree to confer in good faith and, if unable to reach an agreement, the applicable party shall

**Exhibit 1**

file a motion in accordance with the Federal Rules of Civil Procedure and this Court's Local Rules.

  B. When practicable, all documents originating in electronic form shall be collected in a manner so that all original metadata is preserved. Documents originating in electronic form shall be produced in PDF or TIFF format with document-level searchable text, and, unless impractical (including generally, .ppt and .xls* native file formats), the PDF or TIFF images shall reflect one image page for each page of the document. Documents will be produced in electronic format via electronic file transfer.

  C. Information received from third parties shall be produced in the format in which it was received from the third party.

**III. PRIVILEGE LOGS**

  A. The Parties agree that communications between any party and its counsel related to this action and documents and things created by or for a party's counsel in anticipation of this action need not be identified on any privilege log. The party responding to discovery shall provide a privilege log which includes the Bates number (if any) of the privileged document and: (1) the date of its creation; (2) its author(s); (3) its recipient(s); and (4) a brief description of the document along with the basis for the privilege assertion.

  B. The Parties agree that disclosure of material subject to the attorney-client privilege, work product immunity, or any other applicable privilege shall not constitute a waiver of, nor a prejudice to, any claim that such material is privileged, or protected by the work product immunity or any other applicable privilege. Pursuant to FRE 502, upon discovery of any such produced or disclosed material, (whether produced inadvertently or otherwise) the producing party shall promptly provide written notice to the receiving party. Such inadvertently, or otherwise, produced or disclosed material, including all copies thereof, shall be either returned to the producing party

**Exhibit 1**

or destroyed immediately upon request, and the receiving party shall immediately destroy any notes or other writings or recordings that summarize, reflect, or discuss the content of such privileged material. Any receiving party destroying any information contemplated by this paragraph shall provide express written confirmation to the producing party upon such destruction.

   C. Unless otherwise obtained through legitimate means, no use shall be made of privileged materials inadvertently, or otherwise, produced or disclosed material during deposition or at trial, nor shall such material be shown to anyone who has not already been given access to it, subsequent to the request that it be returned. The receiving party may move the Court for an Order compelling production of any inadvertently, or otherwise, produced or disclosed material, but shall not assert the inadvertent, or other, production or disclosure as grounds for the motion. The party claiming privilege on documents subject to a motion to compel shall provide copies of the documents to the Court for in camera inspection concurrent with the responsive filing to the motion to compel. The foregoing provisions regarding disclosure are intended to supplement the protections provided in Federal Rule of Evidence 502 and Fed. R. Civ. P. 26(b)(5)(B).

**IV. SERVICE OF PLEADINGS, MOTIONS, OTHER PAPERS, AND DISCOVERY REQUESTS AND RESPONSES.**

   The Parties agree that all pleadings, motions, and other papers filed are to be served on the other party electronically as provided by the Federal Rules and Local Rules. In addition, the Parties agree to serve by e-mail, or electronic format on an editable thumb drive, all discovery requests, written responses thereto, and other papers that are not filed. When serving by e-mail, the serving party shall attach the pleading or paper in PDF or other forms of electronic file; if transmission of voluminous materials (such as a compendium of attachments or transcripts) as an e-mail attachment is impractical, then those materials shall be served by overnight delivery or via a

**Exhibit 1**

Workshare or other comparable web hosting service. Service of discovery requests, objections, and responses by e-mail prior to 11:59 p.m. Eastern Time shall be the equivalent of service by hand that day for purposes of Rules 5 and 6 of the Federal Rules of Civil Procedure. If service by overnight courier has been used for these papers, it will be the equivalent of service by hand on the date of receipt.

**V.    MODIFICATION**

The Parties agree that a party's agreement to the deadlines and limitations stated in this plan is without prejudice to its right to seek modifications of the plan and pretrial schedule pursuant to Rules 16 and 26.

Respectfully Submitted,

  /S/ Rachel L.T. Rodriguez
Rachel L.T. Rodríguez, Esq.
DC Bar: 501324
VIRES LAW GROUP, PLLC
515 N. Flagler Dr.
Suite P300
West Palm Beach, FL 33401
rrodriguez@vireslawgroup.com

Charles S. LiMandri, Esq.
DC Bar: 383858
LiMANDRI & JONNA LLP
P.O. Box 9120
Rancho Santa Fe, CA 92067
cslimandri@limandri.com

Counsel for Plaintiff

**Exhibit 1**

Jointly With:

Michael J. Lorenger (D.C. Bar 454146)
Lorenger & Carnell PLC
651 S. Washington St.
Alexandria, Virginia 22314
703-684-1800 (Phone)
703-684-1805 (Fax)
mlorenger@lorengercarnell.com

Counsel for Defendant