UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **BERNARD GALLO,** )<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>**WASHINGTON NATIONALS BASEBALL** )<br>**CLUB, LLC,** )<br>)<br>**Defendant.** )<br>) | Civil No. 22-cv-01092 (APM) |

**ORDER**

    Plaintiff Bernard Gallo brings this action against his former employer, Defendant Washington Nationals Baseball Club, LLC, claiming discrimination and retaliation in violation of Title VII of the Civil Rights Act, the District of Columbia Human Rights Act (DCHRA), and the Americans with Disabilities Act.  Compl., ECF No. 1.  Upon Defendant's motion, the court dismissed Plaintiff's disability discrimination claims, but denied the motion with respect to Plaintiff's religious discrimination claims under Title VII and the DCHRA and his retaliation claims under all three statutes.  Mem. Op. & Order, ECF No. 12.

    Before the court is a discovery dispute regarding the location of Plaintiff's deposition. Defendant seeks to depose Plaintiff in person in the District of Columbia, and Plaintiff asks to avoid travel by either being deposed remotely or requiring Defendant to depose Plaintiff in his home state of California.  Because Plaintiff has not shown good cause, the court orders that Plaintiff be deposed in person in the District of Columbia.

    Federal Rule of Civil Procedure 26 governs discovery.  Subsection (c)(1)(B) of that rule states that "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, . . . specify[] terms, including

time and place or the allocation of expenses, for the disclosure or discovery[.]" Fed. R. Civ. P. 26(c)(1)(B). "Ordinarily, plaintiff will be required to make himself or herself available for examination in the district in which suit was brought," because the plaintiff "has selected the forum," but this "general rule . . . is not adhered to if plaintiff can show good cause for not being required to come to the district where the action is pending." Wright & Miller, Fed. Prac. & Proc. Civ. § 2112 (3d ed.).

Accordingly, courts in this District have repeatedly held that absent good cause, where a plaintiff has "voluntarily submitted to the jurisdiction of this Court and voluntarily made this the locus of his lawsuit," the defendant "can legitimately insist on an in-person deposition and can also insist that it be taken in D.C. where the suit is pending." *Buaiz v. United States*, No. 06-cv-1312 (RMC), 2007 WL 9770727, at *1 (D.D.C. Oct. 17, 2007); *see also Paleteria La Michoacana, Inc. v. Productos Lacteos Tocumbo S.A. de C.V.*, 292 F.R.D. 19, 24 (D.D.C. 2013) (requiring an in-person deposition of corporate designees within the United States, rather than in Mexico, where the corporation and its designees were domiciled, in part because "[a] party that chooses to initiate litigation and invoke the legal protections of the forum should expect to appear for deposition in that jurisdiction"); *Guy v. Vilsack*, 293 F.R.D. 8, 12 (D.D.C. 2013) (same).

Plaintiff has not met his burden to demonstrate the requisite good cause. At the hearing regarding this dispute, Plaintiff's counsel represented that the burden Plaintiff anticipates are (1) the expense of the round-trip airfare from California to the District of Columbia and two nights at a hotel; (2) the difficulty of requesting three days off from work at his newly-commenced job, and (3) lost income from those three days should he not receive paid leave for the deposition. Hr'g Tr. at 3:5–20 (Jan. 8, 2024). But when pressed by the court, *id.* at 2:22–3:4, counsel was unable to provide specific evidence of Plaintiff's financial situation and whether incurring travel expenses

2

would constitute hardship, much less undue hardship, *id.* at 3:5–20.  That Plaintiff has retained private counsel, two paid experts, and his counsel has traveled to the District of Columbia to take a deposition, *id.* at 6:8–13, 8:22–24, 9:7–13, further undermines Plaintiff's claim of financial hardship.  Counsel also did not explain—despite the court inquiring—whether Plaintiff had actually requested and been refused leave from his employment, or the basis for concerns about adverse employment consequences.  *Id*. at 4:15–6:1.  The court has not even been provided information about the nature and salary of Plaintiff's new employment, solely that he does not earn "even six figures[.]"  *Id.* at 3:12–15.

These representations are insufficient to meet Plaintiff's burden.  *See, e.g.*, *Cobell v. Norton*, 213 F.R.D. 43, 47 (D.D.C. 2003) (denying request to relocate deposition from the District of Columbia to the plaintiff's home state of Montana, where the plaintiff was approximately 73 years of age, absent "an affidavit from [the plaintiff] providing specific reasons why it would constitute an undue hardship for him to appear for a deposition in Washington, D.C.").[1]  The court therefore denies his request for a protective order to avoid an in-person deposition in the District of Columbia.

Dated:  January 9, 2024

Amit P. Mehta
United States District Court Judge

---

[1] *See also, e.g.*, *Newman v. Metro. Pier & Exposition Auth*., 962 F.2d 589, 591–92 (7th Cir. 1992) (affirming dismissal as a sanction where the plaintiff repeatedly did not show up for her deposition in the district of suit after the court refused a deposition by telephone); *de Dalmady v. Price Waterhouse & Co.*, 62 F.R.D. 157, 158–59 (D.P.R. 1973) (reasoning that "it is when a person will suffer a great hardship by, or is economically incapable of submitting to a deposition as notified, that a motion under Rule 26(c) of the Federal Rules of Civil Procedure is most apt," and denying such a motion in the absence of affidavits from the plaintiff, because "[i]t is not sufficient that plaintiff's attorneys make naked assertions with respect to the financial and hardship conditions faced by him").