UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| BERNARD GALLO, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>WASHINGTON NATIONALS )<br>BASEBALL CLUB, LLC, )<br>)<br>Defendant. )<br>) | Civil Action No. 1:22-cv-01092-APM |

**DEFENDANT'S MEMORANDUM REGARDING DISCOVERY DISPUTE**

The Washington Nationals Baseball Club, LLC ("Defendant" or "the Nationals") respectfully submits this memorandum as directed by the Court's Minute Order dated January 12, 2024, regarding the parties' present discovery dispute.

**Background**: Plaintiff filed this action following Defendant's termination of his employment for failure to obtain the COVID-19 vaccine as required by Defendant's vaccination policy. Plaintiff had requested an exemption from the vaccine requirement based on his religion, but the Nationals denied his request on the grounds that granting him an accommodation would impose an undue hardship.[1] On July 25, 2023, Defendant served on Plaintiff Defendant's First Set of Interrogatories ("Ints.") and First Request for Production of Documents ("RFPs"). Exs. 1, 2. Plaintiff initially served responses on September 8, 2023. Exs. 3, 4. Plaintiff then served supplemental interrogatory answers on October 19, 2023 – Ex. 5 – and served supplemental objections on January 11, 2024. Exs. 6, 7.

---

[1] A more detailed factual summary of the background and allegations is set forth in Defendant's Opposition to Plaintiff's Motion for Partial Summary Judgment. *See* ECF Nos. 27, 27-1.

The present dispute concerns Plaintiff's refusal to respond to three interrogatories and five RFPs, all of which are focused on two issues of central importance to the case. Specifically:

> Issue One: The nature of Plaintiff's alleged sincerely held religious beliefs and how those professed beliefs conflict with the Nationals' vaccination mandate. Ints. 3, 6; RFP 20; RFPs 4, 5, insofar as they relate to Amended Complaint ¶¶ 22, 25, and 26.
>
> Issue Two: Plaintiff's statements related to his views of the COVID-19 vaccines and vaccination mandates generally. Int. 4; RFPs 11, 12.[2]

Plaintiff has refused to provide any answers or responses at all in response to these discovery requests. Concerning Issue One, Plaintiff has argued that that: (i) the Nationals' statement that it "recognizes and respects" his professed beliefs amounted to a waiver of the Nationals' right to challenge the beliefs in this litigation; and (ii) the Nationals could have sought more information from Plaintiff during the interactive process but failed to do so. *See* Ex. 3 at Int. 3, 6; Ex. 4 at RFPs 4, 5, 20. Concerning Issue Two, Plaintiff has interposed standard objections on the grounds of relevance, burden, and ambiguity. Ex. 3 at Int. 4; Ex. 4 at RFPs 11, 12. The Nationals contested these objections in correspondence dated October 6, 2023. Ex. 8. Thereafter, Plaintiff filed a motion for partial summary judgment and submitted additional objections to Interrogatories 3 and 6. *See* Ex. 5 at Ints. 3, 6. When the parties remained unable to resolve the dispute, Defendant notified the Court of the issues during the hearing on January 8, 2024. Thereafter, on January 11, 2024, Plaintiff served additional objections that had not been previously provided. Ex. 6 at Ints. 3, 4, 6; Ex. 7 at RFP 20.[3]

---

[2]  The Nationals have agreed to limit Interrogatory 4 to Plaintiff's discussions concerning the Nationals vaccination mandate rather than vaccination mandates in general, but Plaintiff has not agreed to answer the Interrogatory as limited.

[3]  Plaintiff's supplemental objections dated January 11, 2024 – interposed for the first time six months after Defendant's discovery requests were served and following this Court's statement during the January 8, 2024, hearing that Defendant is entitled to explore both disputed areas in discovery – have been waived. *See, e.g.*, *Fonville v. Dist. of Columbia*, 230 F.R.D. 38, 40-42 (D.D.C. 2005); *Caudle v. Dist. of Columbia*, 263 F.R.D. 29, 31-35 (D.D.C. 2009).

**Legal Standard**:   The Federal Rules "encourage the exchange of information through broad discovery." *In re England*, 375 F.3d 1169, 1177 (D.C. Cir. 2004).  Under Rule 26(b)(1), parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense.  Fed. R. Civ. P. 26(b)(1).  "Relevance is 'construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on a party's claim or defense.'"  *Breiterman v. United States Capitol Police*, 324 F.R.D, 24, 30 (D.D.C. 2018); *see also Cartagena v. Centerpoint Nine, Inc.*, 303 F.R.D. 109, 112 (D.D.C. 2014).  Importantly, in Title VII cases alleging failure to accommodate religious beliefs, courts have required plaintiffs to produce discovery regarding the sincerity of their religious beliefs, including in the context of a COVID-19 vaccine mandate.  *See, e.g.*, *Gardner-Alfred v. FRB of N.Y.*, 2023 U.S. Dist. LEXIS 36921, at *9-10 (S.D.N.Y. Mar. 6, 2023) (granting defendant's motion to compel discovery responses regarding plaintiffs' religious beliefs, and collecting cases) (citations omitted).

**Argument – Issue One**:   Plaintiff is required to answer questions concerning the nature of his professed religious beliefs that give rise to his claims.  To establish a *prima facie* case of religious discrimination premised on a failure to accommodate, a plaintiff must show that: (1) he held a bona fide religious belief conflicting with an employment requirement; (2) he informed his employer of this belief; and (3) he was disciplined for failure to comply with the conflicting employment requirement.  *Rashad v. Wash. Metro. Area Transit Auth.*, 945 F. Supp. 2d 152, 161 (D.D.C. 2013) (citing *Lemmons v. Georgetown Univ. Hosp.*, 431 F. Supp. 2d 76, 95 (D.D.C. 2006)); *see also EEOC v. Rent-A-Center, Inc.*, 917 F. Supp. 2d 112, 116 (D.D.C. 2013).

Defendant's discovery requests seek information directly related to the first element of Plaintiff's claim, and Plaintiff's objections to Defendant's queries are without merit.  First, there

is no rule of discovery that precludes a party from seeking information in litigation simply because the party did not seek that information during informal discussions before litigation was filed.  Indeed, such a rule would make formal discovery meaningless.  Second, Plaintiff's belief that the Nationals' expression of "respect" for his professed religious belief during the interactive process precludes them from seeking discovery on those beliefs now has been directly rejected by the EEOC itself, which has expressly directed employers evaluating an employee's request for a religious accommodation under Title VII to refrain from challenging the employee's professed belief in most cases.  *See* EEOC Compliance Manual on Religious Discrimination § 12-I-A-3 ("Because the definition of religion is broad . . . the employer should ordinarily assume that an employee's request for religious accommodation is based on a sincerely held religious belief."); *see also* EEOC, *What You Should Know About COVID-19 and the ADA, the Rehabilitation Act, and Other EEO Laws*, at L.2 ("Generally, under Title VII, an employer should proceed on the assumption that a request for religious accommodation is based on sincerely held religious beliefs, practices, or observances."). The Nationals' adherence to EEOC directives during the accommodation process does relieve Plaintiff of his obligation to provide information related to, and to ultimately prove, each element of his claim.  Accordingly, Plaintiff's objections to Interrogatories 3 and 6, and Requests for Production 4, 5, and 20, should be overruled.[4]

    **Argument – Issue Two**:  Plaintiff is also required to answer questions concerning his views of vaccines and vaccine mandates generally.  Such discussions are relevant to the question

---

[4] Plaintiff separately objected to Interrogatory 6, concerning Plaintiff's membership in a church, on the grounds that membership in a church is not an "element" of his claim.  This objection is without merit, because church membership – and the doctrines and teachings of the church – are probative of the first element of Plaintiff's *prima facie* case.  *See, e.g., Caviezel v. Great Neck Pub. Sch.*, 701 F. Supp. 2d 414, 429 (E.D.N.Y. 2010), *aff'd*, 500 F. App'x 16 (2d Cir. 2012).

of whether Plaintiff's professed religious beliefs are sincerely held and whether there exists a conflict between those beliefs and the Nationals vaccine mandate. The EEOC has advised:

> Title VII does not protect social, political, or economic views or personal preferences. Thus, objections to a COVID-19 vaccination requirement that are purely based on social, political, or economic views or personal preferences, or any other nonreligious concerns (including about the possible effects of the vaccine), do not qualify as religious beliefs, practices, or observances under Title VII. . . .
>
> Factors that—either alone or in combination—might undermine an employee's credibility include: whether the employee has acted in a manner inconsistent with the professed belief (although employees need not be scrupulous in their observance); whether the accommodation sought is a particularly desirable benefit that is likely to be sought for nonreligious reasons; whether the timing of the request renders it suspect (for example, it follows an earlier request by the employee for the same benefit for secular reasons); and whether the employer otherwise has reason to believe the accommodation is not sought for religious reasons.

EEOC, *What You Should Know About COVID-19 and the ADA, the Rehabilitation Act, and Other EEO Laws*, at L.2. In short, if Plaintiff has raised health, political, or other objections to the COVID-19 vaccine and/or vaccine mandates, that information will be probative of whether his request for an exemption from the Nationals vaccine mandate was made to accommodate a religious belief or some other, secular, belief. For these reasons, Plaintiff should be required to respond to Interrogatory 4 and RFPs 11 and 12.

                                        Respectfully Submitted,

                                        ***/s/ Michael J. Lorenger***
                                        Michael J. Lorenger (D.C. Bar 454146)
                                        Lorenger & Carnell PLC
                                        651 S. Washington St.
                                        Alexandria, Virginia 22314
                                        703-684-1800 (Phone)
                                        703-684-1805 (Fax)
                                        mlorenger@lorengercarnell.com

                                        Counsel for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of January, 2024, I filed the foregoing DEFENDANT'S MEMORANDUM SUBMITTED IN CONNECTION WITH DISCOVERY DISPUTE, as well as accompanying exhibits, with the Court's electronic filing system, which automatically delivered notice of the filing to Plaintiff's counsel:

Rachel L.T. Rodríguez, Esq.
VIRES LAW GROUP, PLLC
515 N. Flagler Dr., Suite P300
West Palm Beach, FL 33401
Phone: (561) 370-7383
rrodriguez@vireslaw.group

Charles S. LiMandri, Esq.
Mark Myers
LiMANDRI & JONNA LLP
P.O. Box 9120
Rancho Santa Fe, CA 92067
Phone: (858) 759-9930
climandri@limandri.com
mmyers@limandri.com

                                      **/s/Michael J. Lorenger**
                                      Michael J. Lorenger