IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BERNARD GALLO | : |
| | : |
| **Plaintiff,** | : |
| | : |
| v. | :  Case No. 1:22-cv-1092 |
| | : |
| WASHINGTON NATIONALS BASEBALL CLUB, LLC | : |
| | : |
| **Defendant.** | : |

### PLAINTIFF BERNARD GALLO'S MEMORANDUM ON DISCOVERY DISPUTED ISSUES

Plaintiff Gallo by counsel, submits the following memorandum pursuant to the Court's order of January 12, 2024, addressing his position on discovery disputes identified in the order.

On July 25, Defendant served 14 interrogatories and 32 document requests. Plaintiff served responses and objections on September 8, including his objection:

> Plaintiff objects to this Interrogatory as irrelevant, in light of Defendant's clear August 27, 2021 statement, "The Company recognizes and respects your religious beliefs and would accommodate those beliefs if it could," after intrusive and extensive questioning by Betsy Philpott specifically regarding Mr. Gallo's religious beliefs and the nature thereof. Additionally, Defendant had ample opportunities in the discussion with Mr. Gallo's counsel after August 27 through September 15, 2021 to obtain more information or question the sincerity of Mr. Gallo's religious beliefs, but expressly did *not* do so."

Plaintiff followed with document production on November 5, 2023. Defendant served letters regarding disputed issues on October 6 and November 14, 2023. Plaintiff filed his motion for Partial Summary Judgment addressing the relevance objection in written

1

discovery on October 27, 2023. Plaintiff then filed a response to Defendant's discovery dispute letters on November 20, 2023 (Exhibit A), seeking a meet and confer on the same for November 22, which Defendant's counsel deferred to November 27. In the interim, on November 24, 2023, Defendant filed its opposition to Plaintiff's motion, inaccurately representing that Plaintiff had been nonresponsive to Defendant's discovery dispute letters. (See Opp. to Plaintiff's SJM, Dkt. 27 at 7 and n.3). Counsel resolved certain discovery issues except the relevance objection at a lengthy conference and on December 14, 15 and 18, Plaintiff took depositions, resolving a significant portion of the deficiencies Plaintiff has identified in his letter of November 20.

In the order of January 9, 2024, this Court ruled on the dispute relating to venue for Plaintiff's deposition, but expressly did not rule on any other disputed issue. The Court mentioned that it had not yet reviewed the briefing on Plaintiff's motion, yet counsel for Defendant construed the Court's comments as signaling that summary judgment would be denied (see Exhibit B). On Friday January 12, counsel met and conferred, resolving most of the disputes. Those that remain (See Exhibit C, excerpts) are:

> i) <u>Objection of relevance</u> based on whether Defendant has waived right to continue to contest Plaintiff's meeting of his burden on the first element of his Title VII and DCHRA claims regarding his sincerely held religious beliefs as to Interrogatories 3-4, and 6 and RFPs 4-5, 11-12 and 20;
> ii) <u>Clarification raised as objection</u> of overbreadth, ambiguity and undue burden on Interrogatories 3, 6 and RFP 20.

**(A) Written discovery requests seek information beyond the scope of discovery**

As a preliminary matter to this dispute, where the parties have opportunity to depose each other with pending disputes regarding written discovery, it is not appropriate to compel the discovery prior to depositions. *Tadayon v. Greyhound Lines, Inc.,* No. 10-

1326 ABJ/JMF, 2012 WL 2048257, at *1, 5 (D.D.C. June 6, 2012) (denying motion to compel regarding alleged interrogatory response deficiencies as deposition would allow opportunity to cure deficiencies).  Defendant's counsel, while failing to schedule Plaintiff's deposition, continues to demand documents and responses to Interrogatories in question *before* Plaintiff's deposition, even though undersigned counsel affirmed at the January 12 conference that Plaintiff will be instructed to answer questions regarding his sincerely held religious beliefs related to the issues in this case.  Thus, compelling the discovery still under dispute is untimely until after Plaintiff's deposition.

Under Fed. R. Civ. P. 26(b)(1), the scope of discovery is limited to matters that are relevant to a claim or defense, and proportional to the needs of the case. The analysis takes into account "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *Id.* The Court must consider proportionality and limit discovery where the burden or expense outweighs its likely benefit. *BuzzFeed, Inc. v. U.S. Dep't of Justice*, 318 F. Supp. 3d 347, 358 n.6 (D.D.C. 2018).

During the discovery conference, the Court made clear that the information Defendant seeks regarding Plaintiff's religious beliefs would ordinarily be discoverable. The Court did not, as Defendant has suggested, predict that after it ruled on partial summary judgment, the sincerity of Plaintiff's religious beliefs would still be an issue. To the contrary, the Court made clear it had not yet reviewed the briefing. Defendant's position, in essence, amounts to the improper assumption that the Court has already

3

made up its mind without the benefit of briefing.  If, as Plaintiff believes, the Court grants partial summary judgment, the sincerity of Plaintiff's religious beliefs will no longer be an open issue in this case; and the discovery Defendant seeks will be beyond the scope of discovery as not leading to admissible evidence.  The Court's obligation to limit discovery will be clear.

Importantly, the prying and intrusive nature of the discovery sought burdens Plaintiff's substantial privacy interests and Free Exercise rights. The mere act of seeking discovery on such matters as when and where a party has attended worship services is a serious burden. *See Guthrey v. Calif. Dep't of Corr. & Rehab.*, 2012 WL 2499938, at *10–11 (E.D. Cal., June 27, 2012) (weighing Free Exercise and privacy interests against opposing party's asserted need for the information sought).

Even assuming partial summary judgment is denied, the information sought would be of little use, because no trier of fact is competent to use it in the way Defendant appears to intend that it be used. Request for Production 20 and Interrogatory 6 are aimed at discovering whether Plaintiff's religious practice and belief align with those of an organized church. Interrogatory 5 seeks to discover whether Plaintiff *also* has non-religious beliefs about vaccinations. These are not part of Plaintiff's claim, nor — as explained in the motion for partial summary judgment — are they even proper for a finder of fact to consider. The only possible reason for seeking discovery of this information (beyond the improper effort to burden an opponent) is to use it to invite the jury or the Court to reach impermissible conclusions: to decide that Plaintiff's religious beliefs are incoherent, inconsistent, or not sufficiently "mainstream," or that because Plaintiff also has other objections to vaccines, his religious beliefs are likely pretextual. *See Callahan*

4

*v. Woods*, 658 F.2d 679, 684 (9th Cir. 1981) ("[A] coincidence of religious and secular claims in no way extinguishes the weight appropriately accorded the religious one.")

**(B) Plaintiff's clarifying objections asserted during and after meet and confer efforts should not be treated as waived**

On January 11, 2024, in anticipation of a meet and confer on remaining discovery disputes, Plaintiff through counsel provided clarifying objections (overbroad, ambiguous, and unduly burdensome in scope) in addition to the relevance objection previously raised in the first response served on September 8, 2023. Defendant deems these clarifying objections as "waived" having not been raised previously. Plaintiff argues that Interrogatories 3 and 6 and RFP 20 cannot be answered without clarification, should the court overrule Plaintiff's relevance objection, and compel Plaintiff to respond to these requests. See Exhibit C hereto responses by Plaintiff to Interrogatories 3, 6 and RFP 20. Therefore, these "objections" are not waived as bases for failure to respond, but are necessary for good faith response and distinct from Plaintiff's prior raised objections under Title VII.

Plaintiff respectfully requests this Court defer Plaintiff's supplemental response to Defendant's written discovery requests (interrogatories 3-4, and 6 and RFPs 4-5, 11-12 and 20) intended to pursue further information and documents from Plaintiff regarding his sincerely held religious beliefs until Plaintiff has completed his deposition and this Court has decided on Plaintiff's pending motion. Further, Plaintiff requests that this Court instruct Defendant to provide clarifying details as to Interrogatories 3 and 6 and RFP 20.

This 17th day of January, 2024.   Respectfully submitted,

_____/S/ Rachel Rodriguez____

Rachel L.T. Rodríguez, Esq.
VIRES LAW GROUP, PLLC
DC Bar #501324
515 N. Flagler Dr., Suite P300
West Palm Beach, FL 33401
Phone/Fax: (561) 370-7383
rrodriguez@vireslawgroup.com

*Counsel for Plaintiff Bernard Gallo*

____/S/ Charles LiMandri____
Charles S. LiMandri, Esq.
LiMANDRI & JONNA LLP
DC Bar #383858
P.O. Box 9120
Rancho Santa Fe, CA  92067
Phone/Fax: (858) 759-9930/(858) 759-9938
cslimandri@limandri.com

*Special Counsel for Plaintiff Bernard Gallo Appointed by*
Thomas More Society
309 W. Washington Street, Suite 1250
Chicago, IL 60606
Phone: (312) 782-1680

## CERTIFICATE OF SERVICE

I, Rachel L.T. Rodriguez, hereby certify that on this 17th day of January, 2024, a copy of the foregoing was served by EC/CMF service upon:

Michael J. Lorenger
651 South Washington Street
Alexandria, Virginia 22314
(703) 684-1800 Direct
(703) 684-1805 Fax
mlorenger@lorengercarnell.com
cburke@lorengercarnell.com

*Counsel for Defendant Washington Nationals Baseball Club, LLC*

_____//S//_____
Rachel L.T. Rodriguez

6