UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BERNARD GALLO, </br></br> Plaintiff, </br></br> v. </br></br> WASHINGTON NATIONALS BASEBALL CLUB, LLC, </br></br> Defendant. | Civil No. 22-cv-01092 (APM) |

**ORDER**

**I.**

Before the court are Plaintiff Bernard Gallo's Motion for Partial Summary Judgment, ECF No. 20 [hereinafter Pl.'s Mot.], and the parties' discovery dispute as to certain interrogatories and requests for production, Def.'s Mem. Regarding Discovery Dispute, ECF No. 33; Pl.'s Mem. on Discovery Disputed Issues, ECF No. 34 [hereinafter Pl.'s Discovery Mem.]. Because the motion and discovery dispute involve related questions, the court addresses both in this Order.

**II.**

**A.**

Plaintiff seeks partial summary judgment "on the issue of whether Plaintiff's inability to receive a COVID-19 vaccination was based on a sincerely held religious belief." Pl.'s Mot. at 1. But Plaintiff's motion is less a motion for partial summary judgment than it is a motion in limine seeking to preclude Defendant from contesting that element at trial. That is because Plaintiff does not support his motion with proof of his actual sincere religious beliefs. Rather, he relies on two statements of Defendant Washington Nationals Baseball Club, LLC's in-house counsel before he brought suit. They are: (1) "The Company recognizes and respects your religious beliefs," and

(2) "In connection with Mr. Gallo's request for a religious exemption, the Nationals do not dispute Mr. Gallo's religious beliefs." Stmt. of Undisputed Material Facts in Supp. of Pl.'s Mot., ECF No. 20-1, ¶¶ 4, 6. Based on these prelitigation statements, Plaintiff argues that Defendant waived or forfeited the right to contest the sincerity of his religious beliefs in this case, thereby establishing that element of his claim as undisputed. Pl.'s Mem. in Supp. of Pl.'s Mot., ECF No. 20-1, at 14, 17–18.

But Plaintiff cites no case to support the novel proposition that prelitigation statements of a party as to an element of a claim can foreclose a party from contesting that element in litigation. Plaintiff cites numerous cases discussing principles of waiver, forfeiture, and estoppel, but none support what he attempts to do here. All involve some action or inaction by a party during the litigation or some related legal proceeding that precludes some later position.

The primary cases cited in Plaintiff's reply brief make the point. Take for example *United States v. Laslie*, which Plaintiff contends supports his position that "defendant waive[d its] right to put [plaintiff] to its proof of that element." Pl.'s Reply Mem. in Supp. of Pl.'s Mot., ECF No. 31 [hereinafter Pl.'s Reply], at 8 (quoting 716 F.3d 612, 615 (D.C. Cir. 2013)). But that passage from *Laslie* is a selective quotation from another D.C. Circuit decision, *United States v. Harrison*, which stated that "[u]pon entering into a stipulation on an element, a defendant waives his right to put the government to its proof of that element." *Laslie*, 716 F.3d at 615 (quoting 204 F.3d 236, 240 (D.C. Cir. 2000)). This case does not involve a "stipulation on an element."

Equally misleading is Plaintiff's reliance on the following quote from the Supreme Court's decision in *Best v. District of Columbia*: "The power of the court to act upon facts conceded by counsel is as plain as its power to act upon evidence produced." Pl.'s Reply at 8 (quoting 291 U.S. 411, 415 (1934)). The immediately preceding sentence, however, makes clear that *Best* has no

2

application here: "There is no question as to the power of the trial court to direct a verdict for the defendant upon the opening statement of plaintiff's counsel where that statement establishes that the plaintiff has no right to recover." *Id.*

Plaintiff also relies on two cases from other circuit courts. *Id.* at 8–9 (quoting *Hoodho v. Holder*, 558 F.3d 184, 191 (2d Cir. 2009) ("Admissions by parties are not subject to judicial scrutiny to ensure that the admissions are fully supported by the underlying record."), and *Vander Linden v. Hodges*, 193 F.3d 268, 280 (4th Cir. 1999) ("This court has had no difficulty in relying upon stipulations that a party engaged in a certain kind of activity, without requiring any additional 'proof' as to the particulars of the underlying activity."). *Hoodho* involved "judicial admissions made in removal proceedings," 558 F.3d at 191, and *Vander Linden* concerned the parties' stipulation of facts during the litigation, 193 F.3d at 275. Those case plainly are inapposite.

Finally, quoting from a district court decision *Gaughan v. Crawford*, Plaintiff says that his "motion made clear that 'a defendant can "waiv[e] its right to demand proof on an element of a claim."'" Pl.'s Reply at 8 (quoting No. 05 C 4664, 2008 WL 11517352, at * 2 (N.D. Ill. July 24, 2008)). But *Gaughan* involved a "stipulation that [the defendant] ha[d] presented to the court." 2008 WL 11517352, at *2. It says nothing about situation presented here.

## B.

In addition to Plaintiff's ill-conceived attempt to import equitable principles of waiver, forfeiture, and estoppel, there is yet another reason to deny Plaintiff's motion: there is a genuine dispute as to whether, prelitigation, Defendant conceded the sincerity of Plaintiff's religious beliefs. Defendant asserts that its representations about Plaintiff's religious beliefs were consistent with EEOC policy guidance, which advises employers to "assume that an employee's request for religious accommodation is based on a sincerely held religious belief." Def.'s Opp'n to Pl.'s Mot.,

3

ECF No. 27, at 16 (quoting EEOC Compliance Manual § 12-I.A.3 (January 15, 2021)).  Although Defendant does not offer actual proof that it relied on the EEOC guidance in making the two statements at issue, at this stage, when discovery is not yet complete, the EEOC guidance is another reason to deny Plaintiff's motion.

### III.

Turning now to the discovery matters, the court's ruling on the partial motion also resolves the parties' first dispute: whether Plaintiff must answer interrogatories and provide records relating to his sincerely held religious beliefs.  Def.'s Mem. Regarding Discovery Dispute, ECF No. 33 [hereinafter Def.'s Discovery Mem.], at 2.  Because the court has found that Defendant may contest that issue, Plaintiff's objection to disclosure fails.  Also, to the extent that Plaintiff objects to discovery regarding his discussions about Defendant's vaccination mandate, Def.'s Discovery Mem. at 2 n.2, that too is overruled.  That discovery is relevant to determining whether Plaintiff objected to the vaccine mandate on religious or some other grounds.  *See id.* at 5 (citing EEOC, *What You Should Know About COVID-19 and the ADA, the Rehabilitation Act, and Other EEO Laws*).

Plaintiff also contends that discovery as to his sincerely held religious beliefs "burdens [his] substantial privacy interests and Free Exercise rights."  Pl.'s Discovery Mem. at 4.  But other than making that assertion, Plaintiff does not explain how his rights are actually burdened.  *See id.* Indeed, the very case cited by Plaintiff establishes that "[a] party asserting the First Amendment privilege must make a prima facie showing that enforcement of the discovery requested will result in consequences which objectively suggest a 'chilling' impact on free speech or associational rights."  *Guthrey v. California Dep't of Corr. & Rehab.*, No. 1:10-cv-02177-AWI-BAM, 2012 WL 2499938, at *10 (E.D. Cal. June 27, 2012).  The same logic applies to religious freedoms, and

4

Plaintiff has not identified any "chilling" impact that would follow from responding to discovery. In any event, *Guthrey* is inapposite as that case involved discovery related to *the defendant's* religious beliefs, not the plaintiff's. *Id.*

Plaintiff also objects that the evidence that Defendant seeks would not be admissible before a jury and therefore cannot be discovered. Pl.'s Discovery Mem. at 4. But the standard for discovery is broader than admissibility at trial. *See* Fed. R. Civ. P. 26(b)(1). And, if Defendant were to try to use any evidence "to invite the jury or the Court to reach impermissible conclusions," the court will prevent such use, if and when it occurs. Pl.'s Discovery Mem. at 4.

Plaintiff additionally suggests that the court should defer ruling on his objections to the interrogatories until after he is deposed. *Id.* at 2–3. This is not, however, a case like the one cited by Plaintiff, *Tadayon v. Greyhound Lines, Inc.*, where the defendant complained about insufficient interrogatory responses. *Id.* (citing No. 10-cv-1326 (ABJ/JMF), 2012 WL 2048257, at *1 (D.D.C. June 6, 2012)). Rather, Plaintiff here refuses to answer the contested interrogatories altogether. He has not indicated that his position would be any different at a deposition.

Finally, Plaintiff asks the court to instruct Defendant "to provide clarifying details as to Interrogatories 3 and 6 and [Request for Production ("RFP")] 20." *Id*. at 5. It is not clear what "clarification" Plaintiff seeks as to these requests that Defendant has not provided. Accordingly, the court will order the parties to meet and confer to attempt to resolve any ambiguities as to Interrogatories 3 and 6 and RFP 20.

## IV.

Plaintiff's Motion for Partial Summary Judgment, ECF No. 20, is hereby denied, and Plaintiff's objections to Defendant's discovery requests are overruled. The parties shall meet and confer to resolve outstanding ambiguities as to Interrogatories 3 and 6 and RFP 20. Having ruled

on the pending motion and objections, the court vacates the discovery hearing presently set for January 22, 2024, at 2:00 p.m.

Dated: January 18, 2024

———————————————
Amit P. Mehta
United States District Court Judge